UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELIUS LEMONT HINES,

    Plaintiff,

v.

                                   CAUSE NO. 3:22-CV-425-DRL-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

On July 1, 2022, Cornelius LeMont Hines, a prisoner without a lawyer, was granted leave to proceed against Warden Ron Neal on a claim for permanent injunctive related to his medical care for his chronic seizure disorder. ECF 15 at 7. The court also took Mr. Hines's amended motion for a preliminary injunction under advisement and ordered a response from Warden Neal, which has now been received. ECF 26.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a

mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (quotation marks, brackets, and citations omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

In his amended motion for a preliminary injunction, Mr. Hines seeks injunctive relief for his chronic seizure disorder in the form of being moved from D-Cell House, a

restrictive housing unit to general population because his seizures are uncontrollable, can occur at any moment, and prison staff do not know when he is having a seizure. ECF 10 at 4. He asserts he has no disciplinary or segregated time left to serve and he is being housed in D-Cell House for no reason. *Id*. Mr. Hines avers he is in imminent harm because he cannot get immediate treatment when he has a seizure in D-Cell House as prison staff make infrequent security checks or do not make them at all. *Id*. Given these circumstances, Mr. Hines requests he be transferred from D-Cell House to general population so that he will receive prompt medical care for his seizures. *Id*.

      Mr. Hines is not entitled to preliminary injunctive relief. First, he has not provided the court with any evidence regarding the sufficiency or frequency of security checks made by prison staff in either D-Cell House or general population. He has not stated how often security checks are done in either housing unit. Second, Warden Neal has produced an affidavit testifying that Mr. Hines is now in a step down period and has been placed in administrative restrictive housing where the prison's staff is required to make rounds every thirty minutes, which is the same requirement for general population. ECF 26-1 at 2, Decl. of Ron Neal ¶ 15. There is no difference in the availability of staff between administrative restrictive housing and general population, and administrative restrictive housing units have more staff assigned to them than general population units. *Id*. ¶ 16. Because Mr. Hines's disciplinary time in D-Cell House ended on June 6, 2022, and he has been moved to administrative restrictive housing, his amended motion for a preliminary injunction (ECF 10) is DENIED.

SO ORDERED.

September 12, 2022                              *s/ Damon R. Leichty*
                                                Judge, United States District Court